IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LIBERTARIAN PARTY OF ILLINOIS, ILLINOIS GREEN PARTY, DAVID F. BLACK, SHELDON SCHAFER, RICHARD J. WHITNEY, WILLIAM REDPATH, BENNETT W. MORRIS and MARCUS THRONEBURG**, <br>         Plaintiffs, <br> vs. <br><br> **J.B. PRITZKER, in his official capacity as Governor of Illinois, WILLIAM J. CADIGAN, KATHERINE S. O'BRIEN, LAURA K. DONAHUE, CASSANDRA B. WATSON, WILLIAM R. HAINE, IAN K. LINNABARY, CHARLES W. SCHOLZ and WILLIAN M. MCGUFFAGE, in their official capacities as Board Members for the Illinois State Board of Elections** <br>         Defendants, <br> and <br><br> **KYLE KENLEY KOPITKE,** <br>         Intervenor. | Case No. 1:20-cv-02112 <br><br> Emergency Judge: <br>     Robert M. Dow, Jr. <br><br> Judge: Charles R. Norgle <br><br> Magistrate: Jeffrey Cummings |

**MOTION TO INTERVENE**

Pursuant to Federal Rule of Civil Procedure 24, Intervenor Kyle Kenley Kopitke moves to intervene in this action for the reasons that follow:

1. The underlying action is brought by two "new" political parties (Libertarian and Green); their chairs and co-chairs; a Green party candidate for U.S. Senator; a Libertarian candidate for U.S. Representative; and an independent candidate for State Senator.

2. Under current Illinois law the Plaintiff candidates and all the candidates of the Plaintiff "new" political parties must collect a large number of signatures of registered voters between March 24, 2020 and June 22, 2020 and file said signatures and other documents with the Defendants by June 22, 2020 to get on the November 3, 2020 General Election Ballot.

3. The Plaintiffs allege that due to the shelter in place order and social distancing restriction in place since prior to March 24, 2020 because of the COVID-19 pandemic, it is impossible for them and their "new" political party candidates to get the required voter signatures, and therefore impossible for them to get on the November 3, 2020 ballot.

4. The Plaintiffs allege that the Illinois signature requirements as applied to the November 3, 2020 election are therefore unconstitutional.

5. For relief the Plaintiffs seek a preliminary injunction or temporary restraining order, as well as a permanent injunction prohibiting the Defendants from enforcing Illinois' signature requirement for candidates for office for the November 3, 2020 election, and directing the Defendants to accept the Plaintiffs' and the Plaintiff "new" political parties' candidates' nomination papers for the November 3, 2020 election without requiring the supporting signatures from voters; and directing the Defendants to place Plaintiff candidates' names and the Plaintiff new political parties' candidates' names on the Illinois November 3, 2020 General Election ballot.

6. Intervenor Kyle Kenley Kopitke, native of Illinois and a current Michigan resident, is an independent candidate seeking election at the November 3, 2020 election to the office of President of the United States of America.

7. Intervenor Kopitke has qualified for the ballot as a candidate for President in the State of Colorado, and has an appeal

pending in the U.S. Court of Appeals for the Fourth Circuit (Kopitke v. Bell, 19-2355) challenging North Carolina's March petition deadline and 70,000 signature requirement for independent statewide candidates. He has previously secured sufficient signatures to run as a candidate for other public offices, including for U.S. Representative in IL CD 13.

8. The Intervenor has claims he shares with the main action, to wit: common questions of law and fact in that as an independent candidate seeking election at the November 3, 2020 general election he too must collect signatures of Illinois voters between March 24, 2020 and June 22, 2020 and file them and other documents with the Defendants by June 22, 2020.

9. The Intervenor suffers under the same restrictions as the Plaintiff candidates and Plaintiff "new" political parties' candidates that prohibit them from collecting voter signatures.

10. The Intervenor seeks similar relief as the Plaintiffs and Plaintiffs "new" political parties' candidates in that he seeks an injunction prohibiting Defendants from enforcing the Illinois' signature requirement for independent candidates for office for the November 3, 2020 election, and also directing Defendants to accept the Intervenor's

4

nomination papers for the November 3, 2020 election without requiring the supporting signatures from voters; and directing Defendants to place Intervenor's name along with the name of his vice presidential running mate on the Illinois November 3, 2020 General Election ballot.

11.     This motion is accompanied by the Intervenor's Complaint; Motion For Preliminary Injunction And/Or Temporary Restraining Order; and Memorandum of Law In Support,

WHEREFORE, the Intervenor prays that he be granted leave to intervene in this case.

Respectfully submitted

*s/ Samuel J. Cahnman*

Samuel J. Cahnman
Attorney at Law
915 S. 2nd St.
Springfield, IL 62704
samcahnman@yahoo.com
Attorney for Intervenor
*Bar No. 3121596*

CERTIFICATE OF SERVICE

This will certify service of the foregoing instrument by CM/ECF online filing system with the U.S. District Court For the Northern District of Illinois, which will automatically send email notification to all counsel of record, upon the following:

| | |
|---|---|
| Oliver B. Hall | Scott Kingwill Summers |
| Center for Competitive Democracy | Attorney at Law |
| oliverhall@competitivedemocracy.org | Scott@ScottKSummers.com |

Erin Walsh
Office of the Illinois Attorney General
ewalsh@atg.state.il.us

This 13th day of April 2020.

>*/s/Samuel J. Cahnman*
> Attorney at Law
> IL Bar No. 3121596