**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Libertarian Party of Illinois, *et al.*, | ) | Case No.: 20-cv-2112 |
| | ) | |
| Plaintiffs, | ) | Hon. Charles R. Norgle, Sr., |
| | ) | Presiding Judge |
| and Kyle Kopitke, | ) | |
| | ) | |
| Intervenor, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Hon. Jeffrey Cummings, |
| | ) | Magistrate Judge |
| J.B. Pritzker, *et al.*, | ) | |
| | ) | Hon. Rebecca R. Pallmeyer, |
| Defendants. | ) | Emergency Judge |

**<u>PRELIMINARY INJUNCTION ORDER</u>**

Plaintiffs and Intervenor have moved for a preliminary injunction seeking relief from certain provisions of the Illinois Election Code because of the difficulties caused by the current pandemic. Based on the circumstances as set out in the Motions for Preliminary Injunction and the Response of Defendants J.B. Pritzker, Governor of the State of Illinois, and the members of the Illinois State Board of Elections, the Court has determined that entry of a preliminary injunction is proper. Accordingly, it is ORDERED:

1. The in-person signature requirement, circulator statement, and notarization requirement of 10 ILCS 5/10-4 is enjoined from having effect for new political party and independent candidates, as defined in 10 ILCS 5/10-2 and 10 ILCS 5/10-3, for the November 2020 general election only. Specifically, the following portion of 10 ILCS 5/10-4 is enjoined:

> At the bottom of each sheet of such petition shall be added a circulator's statement, signed by a person 18 years of age or older who is a citizen of the United States; stating the street address or rural route number, as the case may be, as well as the county, city, village or town, and state; certifying that the signatures on that sheet

of the petition were signed in his or her presence; certifying that the signatures are genuine; and either (1) indicating the dates on which that sheet was circulated, or (2) indicating the first and last dates on which the sheet was circulated, or (3) certifying that none of the signatures on the sheet were signed more than 90 days preceding the last day for the filing of the petition; and certifying that to the best of his knowledge and belief the persons so signing were at the time of signing the petition duly registered voters under Articles 4, 5 or 6 of the Code of the political subdivision or district for which the candidate or candidates shall be nominated, and certifying that their respective residences are correctly stated therein. Such statement shall be sworn to before some officer authorized to administer oaths in this State.

2. The requirement in 10 ILCS 5/10-4 that a new political party or independent candidate must file the "original sheets which have been signed by the voters and by the circulator, and not photocopies or duplicates of such sheets" is also enjoined.

3. The effect of enjoining the portions of 10 ILCS 5/10-4 listed in Paragraphs 1 and 2 above is that a physical "wet" signature would still be permitted but not required on the candidate's petition. Petition signers may physically sign a copy of a candidate's petition, or they may electronically sign their handwritten signatures to the petition using a finger or a device such as a computer mouse or stylus.

4. The filing deadline for new political party and independent candidates, as set forth in 10 ILCS 5/10-2, 10-3, 10-5, and 10-6, will be extended to August 7, 2020. The filing period for new party and independent candidates will run from July 31, 2020 to August 7, 2020.

5. Candidates nominated by Plaintiff Libertarian Party of Illinois ("LPIL") and Plaintiff Illinois Green Party ("GPIL") shall qualify for placement on Illinois' November 3, 2020 general election ballot for each office for which the respective party placed a candidate on Illinois' general election ballot in either 2018 or 2016. Plaintiff LPIL and Plaintiff GPIL shall submit a list of their qualifying candidates and the office for which the candidate is running to Defendant Illinois State Board of Elections on or before August 7, 2020, by First Class Mail postmarked on

that date or by any other equally expeditious method. Defendants are enjoined from requiring that such candidates submit petitions to qualify for placement on Illinois' 2020 general election ballot. This Paragraph does not apply to established political parties as defined by 10 ILCS 5/10-2.

6. The independent candidate Plaintiffs – Marcus Throneburg, David Gill and Intervenor Kyle Kopitke – shall qualify for placement on Illinois' November 3, 2020 general election ballot for each office for which the respective candidate qualified for Illinois' general election ballot in either 2018 or 2016. Plaintiffs Throneburg, Gill and Intervenor Kopitke shall provide Defendant Illinois State Board of Elections notice of their intent to run for such office on or before August 7, 2020, by First Class Mail postmarked on that date or by any other equally expeditious method. Defendants are enjoined from requiring that Plaintiffs Throneburg, Gill and Intervenor Kopitke submit petitions to qualify for placement on Illinois' 2020 general election ballot for such offices.

7. Candidates nominated by Plaintiff LPIL and Plaintiff GPIL, or any other new political party as defined by 10 ILCS 5/10-2, who do not qualify for placement on Illinois' 2020 general election ballot under the terms set forth in Paragraph 5, and any independent candidate as defined in 10 ILCS 5/10-3, shall, in the alternative, qualify for the Illinois 2020 general election ballot provided that they submit a petition with valid signatures equal in number to 10 percent of the signature requirement specified for the applicable office in the State of Illinois 2020 Candidate's Guide issued by the Illinois State Board of Elections and available at https://www.elections.il.gov/.

8. Good cause exists to waive the posting of any bond, therefore the requirement of posting a bond is hereby waived.

9. The Court retains jurisdiction over this matter to enforce this order or enter further relief as necessary and appropriate.

So Ordered.

Dated: April 23, 2020

_____
REBECCA R. PALLMEYER
Chief U.S. District Judge,
sitting as Emergency Judge