IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| Libertarian Party of Illinois, *et al.*, | ) | Case No. 20 CV 2112 |
| | ) | |
| Plaintiffs, | ) | Hon. Charles R. Norgle, Sr., |
| | ) | Presiding Judge |
| and Kyle Kopitke, | ) | |
| | ) | Hon. Jeffrey Cummings |
| Intervenor, | ) | Magistrate Judge |
| | ) | |
| vs. | ) | Hon. Rebecca R. Pallmeyer, |
| | ) | Emergency Judge. |
| J.B. Pritzker, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

STATE BOARD OF ELECTIONS DEFENDANTS'
EMERGENCY MOTION FOR RECONSIDERATION IN PART OF ORDER
GRANTING PRELIMINARY INJUNCTION

NOW COMES Defendants, individual members of the Illinois State Board of Elections (the "Board"), and, pursuant to Rule 59 of the Federal Rules of Civil Procedure, moves this Honorable Court for reconsideration of certain provisions of the Order granting a preliminary injunction as entered by this Court on April 23, 2020. In support of this Motion, the Board states as follows:

1. This case concerns the nomination of independent and new political party candidates for State offices in the November 3, 2020 General Election. Under Illinois Election laws, such candidates are ordinarily required to gather a statutorily required number of petition signatures and file them with the Board by the June 22, 2020 filing deadline set forth in the Election Code. *See* 10 ILCS 5/10-6. This statutory deadline was previously upheld by the Seventh Circuit in *Nader v. Keith*, 385 F.3d 729 (7th Cir. 2004).

2. Recognizing the difficulty in gathering signatures under the current COVID-19 environment, all parties agreed that *some* easing of the ordinary petition circulation restrictions

would be appropriate for this election. After several discussions amongst the parties and two hearings, this Court entered a preliminary injunction addressing four main points:

> (1) Plaintiff political parties would be permitted to nominate candidates without petitions in any race in which they had nominated a candidate in either 2016 or 2018, and any independent candidate who ran for an office in 2016 or 2018 would be permitted to run for that office again in 2020 without petitions;
>
> (2) New political party and independent candidates not subject to item (1) would be required to file nomination petitions signed by not less than 10% of the statutory minimum number required;
>
> (3) Petition signers will be permitted to affix their signatures to a petition electronically, by using a computer mouse, a stylus or their finger; and
>
> (4) the statutory petition filing deadline of June 22, 2020 will be moved to August 7, 2020.

3. With due respect for this Court, the Board, after consultation with several local election officials, is compelled to ask this Court to reconsider its decision regarding the petition filing deadline and the signature requirement for two reasons. First, and foremost, the Board after consultation with many of the State's local election authorities has determined that the component parts of the Court's Order will make it extremely difficult to comply with the various deadlines imposed by both State and federal law necessary for the orderly conduct of an election on November 3, 2020. Second, in light of the decision just three days ago by the United States Court of Appeals for the Sixth Circuit in *Esshaki v. Whitmer*, Case No. 20-1336 (6th CIR. May 5, 2020), the Board respectfully requests that this Court amend its Preliminary Injunction Order to grant Plaintiffs similar relief to that the Court directed in that case: namely that the Board be ordered to determine the best relief to balance the interests of the Plaintiffs (and other candidates) and still be able to meet its obligations to conduct an orderly election.

4. As the Board indicated before this Court, and as set forth in greater detail in the attached Declaration by Steve Sandvoss, the Executive Director of the State Board of Elections (Exhibit

A), the August 7, 2020 filing deadline (which constitutes a 46-day delay in the filing deadline) imposes a great strain on not only the Board, but all of the 105 local election authorities across the State, who must prepare and print ballots within the timeframes established by both State and federal law.

5. As further set forth in the Declarations of Thomas Holbrook, the St. Clair County Clerk, and Edmund Michalowski, the Deputy Clerk for Elections (Exhibits B & C), the August 7 deadline imposes a severe burden on local election authorities who believe it will be very difficult, if not impossible, to finalize their ballots in time for the September 19, 2020 deadline to mail out military and overseas ballots required by the Uniformed and Overseas Citizens Absentee Voting Act. 52 USCA § 20302(a)(8).

6. Because the prospect of an August 7, 2020 filing deadline first arose in this case on April 21, 2020 (and the idea of any August filing deadline did not come up until April 19), the Board was unable to present the Court with difficulties such a late filing deadline presents to both it and local election authorities.

7. For example, the Board is required by law to certify the final contents of the ballot to local election authorities no later than August 21, 2020, so that those authorities can begin the process of preparing ballots for the election. 10 ILCS 5/10-14. Pursuant to Section 10-8 of the Election Code, any voter objecting to a candidate's nomination papers must do so within five business days of the filing deadline. 10 ILCS 5/10-8. Accordingly, this Court's Order creates an August 14, 2020 objection deadline. As indicated in the attached Declarations, this begins an administrative process that often takes another seven days before the various electoral boards created to hear these objections can even begin to consider the objections. 10 ILCS 5/10-9. In short, the August 7, 2020 filing deadline creates a system where electoral boards cannot begin to

consider any objections until the same day that the Board is supposed to certify the final ballot to local election officials.

8. For example, if a candidate's nomination papers were challenged pursuant to the applicable provisions of the Election Code, and that challenge were not resolved by the 45th day before the election, the local election authority would either have to miss the federal mailing deadline and wait until the objections are resolved, or meet the deadline and send out ballots knowing that some candidates appearing on the ballots could later be removed, thereby causing the voters who receive those ballots to be disenfranchised by voting for candidates later determined to be ineligible. In such a case, all votes for a candidate whose name appeared on a mailed ballot, but who is later deemed ineligible, are discarded and not counted.

9. In this case, the Complaint filed on April 2, 2020 did not request a delay in the petition filing period. Comp., pp. 25-26. Pursuant to this Court's initial Order, on April 19, 2020, Plaintiffs proposed an August 3, 2020 filing deadline. The following day, April 20, Defendants proposed delaying the filing period by two weeks until July 6, 2020. The parties could not come to any agreement.

10. The Court held a hearing on this matter on April 21, 2020, at which time the August 7, 2020 filing deadline was first raised by the Court (no parties had proposed such a late filing deadline) and the Preliminary Injunction Order was entered on April 23, 2020. When the prospect of an August 7, 2020 filing deadline was first raised, the Board's attorney had the following exchange with the Court:

> MR. KASPER: And, your Honor, this is Michael Kasper again. I'm sorry to raise one last point. The Board is very concerned about the August 7th deadline because that bumps up against the other statutory deadlines and the deadlines imposed to get military ballots out under federal law. And so we would sort of ask you to reconsider that and maybe push it forward a little bit.

4

>THE COURT: You know, I'd like to push it forward because I do think it's very difficult to get these things printed but I'm also -- I'm really sensitive to the world we're living in in Illinois and the difficulties that the governor has and that the rest of us have in trying to balance our need to proceed with life as we know it on the one hand versus the very, very significant public health concerns and the need for social distancing and stay at home even after those orders are lifted. I don't think I can be any more generous than that.
>
>MR. KASPER: Okay. Thank you, your Honor.

Tr., 4/22/20, pp. 37-38.

11. Due to the expeditious nature of the preliminary injunction proceedings, the Board was unable to fully assess the impact of an August 7, 2020 petition filing on the orderly administration of the election. Since the April 23, 2020 Order, the Board has made such an assessment and has had the opportunity to consult with other election authorities who agree that such a late filing deadline will severely impact their ability to conduct an accurate and orderly election on November 3, 2020.

12. In addition, the Board and local election officials have severe reservations regarding the significant reduction in the signature threshold contained in the Court's Order – reducing the statutory signature minimum by 90% of the number required by the Illinois Election Code. While the Board agreed that *some* reduction was appropriate (it initially proposed 50% and was willing to agree to 33%), the Board and local election officials believe that reducing the minimum number of signatures by 90% renders the threshold merely *de minimus*. Such a drastic reduction also threatens the orderly conduct of the election by inviting a slew of non-serious candidates who lack the traditional modicum of support necessary to qualify, leading to increased litigation and delays through increased ballot objections, as well as an overly cluttered and confusing ballot. Accordingly, the Board asks that the Court reconsider this aspect of its Preliminary Injunction Order as well.

13. A request for reconsideration under Rule 59(e) "allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

14. On Tuesday of this week, the Sixth Circuit Court of Appeals issued a decision regarding the same issues as presented here in the State of Michigan. In that case, like this one, the District Court issued a preliminary injunction reducing the signature threshold for the upcoming election (but by only 50%), delayed the filing deadline, and ordered the election authority to accept electronic signatures. *Esshaki*, p. 3.

15. The Sixth Circuit reversed that decision finding that "through a plenary re-writing of the State's ballot- access provisions" the District Court "was not justified" because "federal courts have no authority to dictate to the States precisely how they should conduct their elections." *Id.*, citing *Clingman v. Beaver*, 544 U.S. 581, 586 (2005).

16. Instead, the Sixth Circuit directed "the State to select its own adjustments so as to reduce the burden on ballot access, narrow the restrictions to align with its interest, and thereby render the application of the ballot-access provisions constitutional under the circumstances." *Id.*, at pp 3-4. In this case, the Board respectfully requests that this Court issue a similar Order directing the State to make the accommodations necessary under the circumstances.

WHEREFORE, for the foregoing reasons, the Illinois State Board of Elections Defendants respectfully pray that this Court: (1) grant its Motion to Reconsider its April 23, 2020 Order; (2) issue an Amended Order directing the Board to establish appropriate ballot access requirements for independent and new political party candidates for the November 3, 2020 election; and (3) order such other relief as may be just and proper. In the alternative, the

Defendants request that this Court amend the preliminary injunction order issued on April 23, 2020 to move the deadline for candidate nomination and petition filings from July 31, 2020 through August 7, 2020 to June 29, 2020 through July 6, 2020, and setting the minimum petition signature threshold at 25% of the statutory minimum.

        Respectfully submitted,
Defendants, Members of the Illinois State Board of Elections


By: /s/ *Michael J. Kasper*
One of their Attorneys


Michael J. Kasper
151 N. Franklin, Suite 2500
Chicago, IL 60606
312.704.3292
mjkasper60@mac.com

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| Libertarian Party of Illinois, *et al*., | ) | Case No. 20 CV 2112 |
| | ) | |
| Plaintiffs, | ) | Hon. Charles R. Norgle, Sr., |
| | ) | Presiding Judge |
| and Kyle Kopitke, | ) | |
| | ) | Hon. Jeffrey Cummings |
| Intervenor, | ) | Magistrate Judge |
| | ) | |
| vs. | ) | Hon. Rebecca R. Pallmeyer, |
| | ) | Emergency Judge. |
| J.B. Pritzker, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 8, 2020**, I electronically filed the foregoing **State Board of Elections Defendants' Emergency Motion for Reconsideration in Part of Order Granting Preliminary Injunction** along with the accompanying **Exhibits** with the Clerk of Court using the CM/ECF system, which will notify all participants in the CM/ECF system as follows:

*Attorneys for Plaintiffs*

Scott K. Summers
P.O. Box 430
Harvard, IL 60030
Mobile: (815) 403-8411
Fax: (815) 986-1333
Email: Scott@scottksummers.com
*Counsel of Record*

Oliver B. Hall
Center for Competitive Democracy
P.O. Box 21090
Washington, DC 20009
(202) 248-9294
Email: oliverhall@competitivedemocracy.org
*Pro Hac Vice Pending*

Mark R. Brown
303 E. Broad St.
Columbus, OH 43215
(614) 236-6590
(614) 236-6956 (fax)
Email: mbrown@law.capital.edu
*Pro Hac Vice Pending*

*Counsel for Defendant J.B. Pritzker*

David W. Van de Burgt
Division Chief, Government Relations
Illinois Attorney General's Office
100 West Randolph Street
Chicago, IL 60601
Phone: (312) 814-2822
Email: DVandeBurgt@atg.state.il.us

Leigh Richie
Associate General Counsel
Office of the Governor
Email: Leigh.richie@illinois.gov

Gary Caplan
Deputy General Counsel
Office of the Governor
Email: Gary.Caplan@illinois.gov

Respectfully submitted,
Defendants, Members of the Illinois State
Board of Elections


By: /s/ *Michael J. Kasper*
One of their Attorneys


Michael J. Kasper
151 N. Franklin, Suite 2500
Chicago, IL 60606
312.704.3292
mjkasper60@mac.com

9