IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION (CHICAGO)

| | |
|---|---|
| LIBERTARIAN PARTY OF ILLINOIS, ILLINOIS GREEN PARTY, DAVID F. BLACK, SHELDON SCHAFER, RICHARD J. WHITNEY, WILLIAM REDPATH, BENNETT W. MORRIS, MARCUS THRONEBURG, <br><br> Plaintiffs, <br><br> and ALEXANDER (AJ) RUGGIERI, <br><br> Prospective Intervenor-Plaintiff, <br><br> vs. <br><br> J.B. PRITZKER, in his official capacity as Governor of Illinois, <br><br> and WILLIAM J. CADIGAN, KATHERINE S. O'BRIEN, LAURA K. DONAHUE, CASSANDRA B. WATSON, WILLIAM R. HAINE, IAN K. LINNABARY, CHARLES W. SCHOLZ, WILLIAM M. MCGUFFAGE, in their official capacities as Board Members for the Illinois State Board of Elections, <br><br> Defendants. | Case No. 1:20-cv-02112 <br><br> Hon. Charles R. Norgle |

**PROSPECTIVE INTERVENOR ALEXANDER RUGGIERI'S
RESPONSE TO NON-PARTY GERMAINE LIGHT'S MOTION TO DISMISS**

Prospective Intervenor-Plaintiff Alexander (AJ) Ruggieri ("Ruggieri"), through his undersigned counsel, states as follows for his Response to Non-Party Germaine Light's Motion to Dismiss:

**Introduction**

On June 23, 2020, Ruggieri filed a Motion to Intervene as Plaintiff in the above-captioned case. *See* ECF No. 44. In violation of this Court's Local Rule 5.6, non-party Germaine Light ("Light") filed an Objection in Opposition to Intervenor Ruggieri's Motion to Intervene (the "Opposition"). *See* ECF No. 51.

Light is a political opponent of Ruggieri who has objected to his candidacy for the Illinois State Senate before the Illinois State Board of Elections ("SBE"). *See* ECF No. 68, Ex. 1. Ruggieri prevailed before the SBE despite a Hearing Officer's Recommendation to the contrary. *See* ECF No. 68, Ex. 1. While not included in her Motion, Light has now appealed that SBE Decision to the Circuit Court of Cook County, where it pends as Case No. 2020 COEL 18, thus continuing her fight to prevent Ruggieri from appearing on the 2020 General Election ballot. *See* Ex. 1.

Light has now come before this Court yet again in violation of Local Rule 5.6 and has filed a Motion to Dismiss Ruggieri's Complaint as moot under Rule 12(b)(6) ("the Motion"). There are a number of problems with the Motion, and it should be summarily dismissed. First, as a non-party, and without leave of Court, Light has no right to have filed her Motion, and it should be stricken from the record for the reasons set forth by Ruggieri's motion to strike Light's prior improper pleading. *See* ECF No. 65. Second, even if she had obtained leave of this Court, as a non-party, Rule 12(b)(6) is inapplicable to Light, and she may obtain no relief under the rule. Third, even if Light were a party, her Motion would be premature, as this Court has not yet ruled on Ruggieri's Motion to Intervene here. Lastly, Light's claim that Ruggieri's claim is moot is belied by the fact that she continues her objection to Ruggieri's candidacy by having appealed to the Circuit Court of Cook County, where she again asks that Ruggieri be removed from the ballot.

2

Because the Motion is improper procedurally and as a matter of fact, it must be denied, such as it is.

## Argument

The Motion should be stricken because Light is not a party here and has not obtained prior Court approval, as required by Local Rule 5.6. As set forth fully in Ruggieri's Motion to Strike Light's prior unauthorized filing in opposition to his Petition to Intervene, "the only document a nonparty may file without prior approval is a motion to intervene under Federal Rule of Civil Procedure 24." *Rubin v. Islamic Republic of Iran*, No. 03 CV 9370, 2008 WL 2531197, * 1 (N.D. Ill. June 25, 2008). *See* ECF No. 65. Light is not a party to this case, she has not filed a motion to intervene, and she did not seek and obtain this Court's approval before she filed her Motion. Consequently, Light's Motion is improper under Rule 5.6 and should be stricken from the docket.

Similarly, Light has no standing to avail herself of Rule 12(b)(6), as that rule permits parties – not non-parties -- to assert defenses to claims for relief. FED. R. CIV. P. 12(b)(6). As the Rule plainly states, in pertinent part, "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion . . ." *Id*. Light is not a party to this case, and no relief is sought against her. She has no standing to bring any motion under Rule 12(b)(6) under the plain language of the Rule. Similarly, there is no defense she may assert, as there are no claims made against her. As such, the Motion, such as it is, must be denied.

Moreover, the Complaint that Light seeks to dismiss has not yet been permitted to be filed. Ruggieri's Petition to Intervene has not yet been ruled upon. There is, at this point, literally nothing that may be dismissed, or to which defenses must be asserted, especially by a non-party.

3

Finally, Ruggieri's claim is not moot. While Ruggieri prevailed before the SBE, Light has appealed that decision to the Circuit Court of Cook County pursuant to Section 10-10.1 of the Election Code. *See* Ex. 1. In her Petition for Judicial Review, Light takes issue with the SBE's ruling, and asks the Court to "enter an Order reversing the Electoral Board's Decision overruling [her] Objection" to Ruggieri's candidacy. *See* Ex. 1, p. 10. Thus, it is the Circuit Court could conceivably reverse the SBE, and order Ruggieri to be removed from the ballot.

A claim is considered to be moot when a court's decision will no longer affect the rights of the litigants but would rather be "an opinion advising what the law would be upon a hypothetical state of facts." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). The controversy between Light and Ruggieri is far from hypothetical – it is live and continuing. Therefore Ruggieri's claim before this Court is not moot.

**WHEREFORE,** for all the foregoing reasons, Ruggieri respectfully asks this Court to deny Light's Motion to Dismiss and for such further relief this Court deems just and proper.

                                                  Respectfully submitted,

                                                  Alexander (AJ) Ruggieri

                                                  /s/_____John Fogarty, Jr._____

                                                  Counsel for the Intervenor

John G. Fogarty, Jr.
(ARDC No. 6257898)
Clark Hill PLC
130 E. Randolph, Suite 3900
Chicago, Illinois 60601
(773) 680-4962 (cell)
(773) 681-7147 (fax)
jfogarty@clarkhill.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION (CHICAGO)

| | |
|---|---|
| **LIBERTARIAN PARTY OF ILLINOIS, ILLINOIS GREEN PARTY, DAVID F. BLACK, SHELDON SCHAFER, RICHARD J. WHITNEY, WILLIAM REDPATH, BENNETT W. MORRIS, MARCUS THRONEBURG,** </br></br> Plaintiffs, </br></br> and **ALEXANDER (AJ) RUGGIERI,** </br></br> Intervenor-Plaintiff, </br></br> vs. </br></br> **J.B. PRITZKER, in his official capacity as Governor of Illinois,** </br></br> and **WILLIAM J. CADIGAN, KATHERINE S. O'BRIEN, LAURA K. DONAHUE, CASSANDRA B. WATSON, WILLIAM R. HAINE, IAN K. LINNABARY, CHARLES W. SCHOLZ, WILLIAM M. MCGUFFAGE, in their official capacities as Board Members for the Illinois State Board of Elections,** </br></br> Defendants. | Case No. 1:20-cv-02112 </br></br> Hon. Charles R. Norgle |

## CERTIFICATE OF SERVICE

The undersigned, Katherine Murray, a non-attorney, do hereby certify that I caused a copy of the foregoing **Prospective Intervenor Alexander Ruggieri's Response to Non-Party Germaine Light's Motion to Dismiss** to be served on all counsel of record via notice from the Northern District of Illinois's CM/ECF e-filing notification system on August 28, 2020.

*/s/ Katherine Murray*
Katherine Murray

Katherine A. Murray
Clark Hill, PLC
130 East Randolph
Suite 3900
Chicago, Illinois 60601
Telephone: (312) 985-5900
Email: kmurray@clarkhill.com