IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIBERTARIAN PARTY OF ILLINOIS, et al., <br><br> Plaintiff, <br><br> v. <br><br> J.B. PRITZKER, in his official capacity as Governor of Illinois, et al., <br><br> Defendants. | Case No. 1:20-cv-02112 <br><br> Hon. Charles R. Norgle |

## ORDER

Alexander (AJ) Ruggieri's Motion to Strike Germaine Light's Opposition to Ruggieri's Motion to Intervene [65] is granted. The Court strikes the following filings by Light: Light's response in opposition to Ruggieri's motion to intervene [51], Light's response in opposition to Ruggieri's motion to deem his motion to intervene an emergency [66]; and Light's motion to dismiss Ruggieri's complaint as moot [68]. Ruggieri's motion to intervene [44] is denied. Ruggieri's motion to deem his motion to intervene an emergency [61] is denied as moot.

## STATEMENT

This case involves claims by the Libertarian Party of Illinois, the Illinois Green Party, and several individuals who wish to appear on the ballot as independent candidates in the November 2020 election (or vote or gather signatures for independent candidates) against the Governor of Illinois and the members of the Illinois State Board of Elections to enjoin or modify the signature collection requirements for independent and "new-party" candidates under Illinois law because of the on-going COVID-19 pandemic and the Governor's related emergency executive orders. Chief Judge Pallmeyer, acting as emergency judge, adopted the parties' proposed agreed preliminary

injunction order on April 23, 2020.[1] Dkt. 26. The agreed preliminary injunction order permitted the political party plaintiffs to nominate candidates without petitions so long as they had nominated a candidate in either 2016 or 2018, and permitted the individual candidate plaintiffs to appear on the November 2020 ballot for any office they qualified for in 2016 or 2018 without a petition. Dkt. 27. The political party and independent candidate plaintiffs that did not qualify to appear on the ballot under those modifications were required to file nomination petitions but with a signature requirement not less than 10% of the statutory minimum. Id. The agreed preliminary injunction order further permitted petitions to be signed electronically and extended the nomination and petition filing deadline from June 22, 2020 to August 7, 2020. Id. The Board then filed a motion to reconsider, Dkt. 31, that Chief Judge Pallmeyer granted only as to the nomination and petition filing deadline, moving it to July 20, 2020, Dkt. 36. The Board appealed the agreed preliminary injunction and Chief Judge Pallmeyer's ruling on the Board's motion to reconsider, but the Seventh Circuit affirmed both. Libertarian Party of Illinois v. Cadigan, No. 20-1961, 2020 WL 5104251 (Aug. 20, 2020 7th Cir.).

On June 23, 2020, Alexander (AJ) Ruggieri, the Republican candidate for the Illinois State Senate's 52nd Legislative District, moved to intervene as a plaintiff in this action to pursue claims to enjoin or modify the signature collection requirements for established political party candidates under Illinois law. Dkt. 44. Ruggieri was appointed to the nomination because it remained vacant after the March 17, 2020 primary election. Dkt. 44 at 2. As a result, Illinois law required Ruggieri to file at least 1,000 valid petition signatures with the Board by June 1, 2020. Dkt. 44 at 2. Ruggieri filed 1,152 petition signatures with the Board on June 1. Dkt. 44 at 2. However, in response to an

---

[1] This case was originally assigned to this Court on April 2, 2020 in the midst of the COVID-19 pandemic. The original motions in the case were dealt with on an emergency basis pursuant to the initial General Order and has now returned to this Court.

objection to Ruggieri's nomination papers by Germaine Light, the Board's hearing officer made an initial determination that no more than 949 of the signatures were valid, thus jeopardizing Ruggieri's appearance on the November 2020 ballot. Dkt. 44 at 2. But the Board deadlocked 4-4 on whether to adopt the hearing officer's recommendation and therefore acknowledged it lacked authority to remove Ruggieri's name from the ballot. Dkt. 68-1 at 2. In response, on August 17, 2020, Light filed a petition for judicial review of the Board's decision in Illinois state court. Dkt. 73-1.

Before addressing Ruggieri's motion to intervene, the Court must address Ruggieri's objection to nonparty Light's filings in this case. Light filed a response in opposition to Ruggieri's motion to intervene, Dkt. 51; a response in opposition to Ruggieri's motion to deem his motion to intervene an emergency, Dkt. 66; and a motion to dismiss Ruggieri's complaint as moot, Dkt. 68. Ruggieri objects to each of Light's filings because they violate Local Rule 5.6, which requires prior approval from the Court to file any document other than a motion to intervene. Indeed, Local Rule 5.6 states: "No pleading, motion [except for motion to intervene], or other document shall be filed in any case by any person who is not a party thereto, unless approved by the court." N.D. Ill. Local R. 5.6. Compliance with Local Rule 5.6 is not optional. Light is not a party and has not sought or received the Court's approval to file anything in this case. Accordingly, the Court strikes Light's: response in opposition to Ruggieri's motion to intervene, Dkt. 51; response in opposition to Ruggieri's motion to deem his motion to intervene an emergency, Dkt. 66; and motion to dismiss Ruggieri's complaint as moot, Dkt. 68. Light is admonished to comply with Local Rule 5.6 before filing any other document in this case.

Turning to Ruggieri's motion to intervene, Ruggieri first claims he is entitled to intervene in this case as a matter of right under Federal Rule of Civil Procedure 24(a)(2). Ruggieri insists:

3

(1) his motion is timely having been filed immediately after the hearing officer's initial determination; (2) he has a direct and significant interest in this litigation because he has not received relief from signature collection requirements under Illinois law though Plaintiffs have; (3) his First Amendment and equal protection rights have been impaired by the relief Plaintiffs have received in this case; and (4) the parties to this case do not adequately represent Ruggieri's interests. Dkt. 44 at 6-9.

Both Plaintiffs and Defendants oppose Ruggieri's motion to intervene. The parties note that Ruggieri's motion failed to comply with Rule 24(c) because it was not accompanied by a pleading that set out Ruggieri's claims. However, as Ruggieri notes, courts in the Seventh Circuit "do not take an inflexible view of this rule; if no prejudice would result, a district court has the discretion to accept a procedurally defective motion." Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 595 (7th Cir. 1993). The Court declines to deny Ruggieri's motion to intervene on this basis as the Court finds that Ruggieri's failure to accompany his motion with a proposed pleading did not prejudice the parties' ability to respond and object to the merits of Ruggieri's motion. Additionally, Ruggieri cured any defect by filing a proposed complaint concurrently with his reply in support of his motion.

Ruggieri, however, is not entitled to intervene as a matter of right under Rule 24(a)(2). Rule 24(a)(2) requires courts to grant a motion to intervene when the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A movant seeking to intervene as a matter of right under Rule 24(a)(2) must demonstrate: "'(1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as

4

a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action.'" Reich v. ABC/York-Estes Corp., 64 F.3d 316, 321 (7th Cir. 1995) (quoting Shea v. Angulo, 19 F.3d 343, 344 (7th Cir. 1994)).

The parties assert that Ruggieri's motion is untimely because it was filed more than two months after this case began and only after an unfavorable preliminary finding by the Board's hearing officer that he did not submit the statutorily required number of valid signatures for candidates of established parties. "The test for timeliness is essentially one of reasonableness: 'potential intervenors need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly.'" Reich, 64 F.3d at 321 (quoting Nissei Sangyo America, Ltd. v. U.S., 31 F.3d 435, 438 (7th Cir. 1994)). Neither Ruggieri nor the parties address when Ruggieri learned of this case and its potential impact on Ruggieri's rights and whether Ruggieri's motion was filed reasonably promptly thereafter. Rather, both Ruggieri and the parties draw different conclusions from the undisputed fact that Ruggieri filed his motion only after the Board's hearing officer made a finding that was unfavorable to Ruggieri. For that reason, the Court finds that Ruggieri has failed to demonstrate that his motion was timely filed.

While the Court could deny Ruggieri's motion on that basis alone, Ruggieri's explanation for why his motion was timely filed illuminates Ruggieri's lack of a direct interest in the subject matter of this case and reveals that Ruggieri's asserted interests will not be impaired by the resolution of this case. Ruggieri suggests that his interest in this case materialized not because of anything to do with this case but because the Board's hearing officer made an unfavorable finding as to the number of valid signatures that Ruggieri collected and filed with the Board. Dkt. 52 at 3. Ruggieri seeks to intervene in this case to press his own claims against Defendants for relief similar to what Plaintiffs have preliminarily received. However, an interest in a case supporting

5

intervention as a matter of right under Rule 24(a)(2) must be "direct, substantial, and legally protectable." U.S. v. BDO Seidman, 337 F.3d 802, 808 (7th Cir. 2003). Ruggieri's only retort is that the preliminary relief Plaintiffs have received in this case is unfair to him unless he receives similar relief. Dkt. 44 at 8. But that only illustrates that Ruggieri's interest in this case is indirect. The Plaintiffs in this case seek relief only from the signature requirements for independent and new party candidates under Illinois law in light of the COVID-19 pandemic and the Governor's emergency executive orders. Ruggieri has no direct interest in whether or to what extent the signature requirements for independent and new party candidates are relaxed because Ruggieri is an established party candidate, not an independent or new party candidate.

Under Illinois law, the signature requirements for established party candidates like Ruggieri differ significantly from the corresponding requirements for independent or new party candidates. As previously noted, Ruggieri was required to collect and file with the Board at least 1,000 signatures. 10 Ill. Comp. Stat. 5/8-8 (1,000 petition signatures required for established party primary nominations); 7-61 (requiring candidates appointed to vacant nominations to file nominating petitions with the same number of signatures for an established party primary candidate within 75 days of the primary). Independent or new party candidates are subject to vastly different requirements in large part because such candidates do not compete in primary elections. Rather, nomination petitions for independent and new party candidates must file must be filed with the Board between 134 and 141 days before the general election. 10 Ill. Comp. Stat. 5/10-6. Those nominating petitions must also be signed by at least 5% of the number of total votes cast in the relevant district in the previous general election. 10 Ill. Comp. Stat. 5/10-3. In the absence of the agreed preliminary injunction order in this case, independent and new party candidates in

6

Ruggieri's 52nd District would have had to collect and file at least 4,523 signatures. Dkt. 50-1 at 27.

And none of the relief Plaintiffs request, if granted, will impose any additional burden or impairment on Ruggieri's ability to appear on the November 2020 ballot—the requirements for Ruggieri to appear on the November 2020 ballot are independent of Plaintiffs' requirements. Accordingly, the Court finds that Ruggieri is not entitled to intervene as a matter of right under Rule 24(a)(2) because he has not demonstrated that his motion was timely, that he has any direct interest related to the subject matter of this case, or that disposition of this case may impair any interest he has in the subject matter of this case.

Alternatively, Ruggieri requests that the Court permit him to intervene under Federal Rule of Civil Procedure 24(b)(1)(B) because his claims share common questions of law and fact with Plaintiffs' claims, and allowing him to intervene will not result in undue delay or prejudice to the parties. Dkt. 44 at 9-10. Rule 24(b)(1)(B) allows courts to grant a motion to intervene when the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion [under Rule 24(b)], the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The parties oppose Ruggieri's alternative request for permissive intervention for many of the same reasons they oppose his requires for intervention as of right: he waited too long to seek to intervene and the questions of fact and law presented by his claims differ in significant respects to Plaintiffs' claims.

Generously viewed, Ruggieri's proposed claims share common questions of law and fact with Plaintiffs' claims as to whether the ongoing COVID-19 pandemic justifies enjoining or modifying the signature collection requirements for candidates to appear on the November 2020

7

ballot. But Ruggieri's proposed claims differ from Plaintiffs' claims in significant respects because, as explained above, established party candidates like Ruggieri are subject to vastly different signature collection requirements than the requirements that apply to Plaintiffs. Moreover, the relief Ruggieri seeks differs significantly from what Plaintiffs seek: whereas Plaintiffs sought to enjoin or modify the signature collection requirements well in advance of the applicable deadlines, Ruggieri effectively seeks an exemption from signature collection requirements as to a deadline that has long since passed and which has been litigated before the Board (in Ruggieri's favor), though that litigation now continues in Illinois state court. Importantly, as the parties point out, nothing has ever prevented Ruggieri from filing his own action seeking relief on his own unique facts. Having denied Ruggieri's motion to intervene, the Court denies Ruggieri's motion to deem his motion to intervene an emergency, Dkt. 61, as moot.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: September 10, 2020